```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT WILSON,**

    **Plaintiff,**

**v.**                        //       **CIVIL ACTION NO. 1:06CV119**
                                                       **(Judge Keeley)**

**GEORGE TRENT, NORTH CENTRAL
REGIONAL JAIL, UNKNOWN NUMBER
OF JANE AND JOHN DOES, BOONE,
DALREMPLE, ELDERS, Lt., FOX,
GAINS, HUNT, KALALAU, KIMBLE,
MCCRAY, Sgt., MEEKS, NICHOLSON,
REED, SAWYER, OFFICER SMITH,
STEWERT, Correctional Officer,
SWIGER, WENTZ, and YERKEY,**

    **Defendants.**

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR WANT OF PROSECUTION

On August 10, 2006, the Court received two letters from Robert Wilson ("Wilson"), an inmate at the North Central Regional Jail in Greenwood, West Virginia, complaining of various alleged civil rights violations by prison staff. The Court construed those letters as a civil rights complaint pursuant to 42 U.S.C. § 1983, and directed the Clerk of Court to "send Wilson a blank civil rights form and the forms necessary for him to file for *in forma pauperis* status." (Doc. No. 2.) That same day, the Clerk's Office sent Wilson, the pro se plaintiff, "Instructions for Filing a Civil Action for Violation of Civil Rights (Bivens Action)."

Thereafter, on August 24, 2006, United States Magistrate Judge James E. Seibert received an ex-parte letter from Wilson which he

**WILSON V. TRENT, ET AL.**                                                  **1:06CV119**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

ordered filed on the record. (See Doc. No. 4.) In Wilson's letter, he acknowledged receiving the forms and information sent by the Court.[1] Thus, Wilson's address on file with the Court at that time was accurate.

Subsequently, as part of the procedural progression of this case, the Magistrate Judge ordered Wilson to provide proof that he had exhausted all available administrative remedies in accord with the Prisoner Litigation Reform Act. On September 5, 2006, the Magistrate Judge received an ex parte communication from Wilson requesting clarification on "what he needed to send."

The Prisoner Litigation Reform Act provides that a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. Therefore, the Magistrate Judge determined that his initial review revealed that Wilson failed to provide the required documentation to support his statement that he had exhausted his administrative remedies.

On August 21, 2006, pursuant to Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005), the Magistrate Judge ordered the plaintiff to provide copies of his level one, two and three grievances, including responses thereto within twenty

---

[1] Specifically, Wilson stated in his letter, "thank you for responding to the letters that I wrote you . . . . I have received the papers to file a civil suit that you sent me."

days from the date of the order. On September 5, 2006, the Magistrate Judge received an ex parte communication from Wilson requesting clarification on "what he needed to send."

Noting that Wilson was proceeding pro se, on October 3, 2006, the Magistrate Judge entered an order setting forth the three-step grievance process provided by the Regional Jail Authority and directed Wilson to submit "the documents outlined in the order and the responses thereto within twenty days." The United States Postal Service returned the October 3, 2006 order marked "undeliverable" on October 11, 2006.

On November 13, 2006, Magistrate Judge Seibert entered his Report and Recommendation recommending that the plaintiff's complaint and amended complaint be dismissed without prejudice. The Report and Recommendation informed Wilson that failure to object to the report and recommendation would result in the waiver of his appellate rights on this issue. On November 17, the United States Postal Service returned this document marked "undeliverable".

## Analysis

On page five of the "Instructions for Filing a Civil Action for Violation of Civil Rights (Bivens Action)" the Clerk of the Court directs that "IF YOU DO NOT KEEP THE COURT ADVISED OF YOUR CURRENT ADDRESS, YOUR CASE MAY BE DISMISSED FOR WANT OF PROSECUTION". The record reflects that Wilson received those

"Instructions" sometime prior to August 24, 2006. The record also reflects that sometime prior to October 11, 2006, Wilson's address changed, as both the Magistrate Judge's October 3, 2006 Order and November 13, 2006 Report and Recommendation were returned to the Court as "Undeliverable." Further, as of this date, Wilson has not provided a change of address notice to the Court.

Accordingly, because Wilson failed to keep the Court advised of his current address, the Court **DENIES AS MOOT** the Magistrate Judge's Report and Recommendation and **ORDERS** this case **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

Dated: December 7, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE